MICHAEL GRIMES
FULL NAME

COMMITTED NAME (if different)
CALIFORNIA INSTITUTION FOR MEN
FULL ADDRESS INCLUDING NAME OF INSTITUTION
P.O. BOX 500
CHINO, CALIFORNIA 91708
PRISON NUMBER (if applicable)
V-38005

FILED
CLERK, U.S. DISTRICT COURT

NOV 3 - 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Michael Grimes

PLAINTIFF,

v.

J. BEARD ET. AL.

DEFENDANT(S).

CASE NUMBER ED CV15-2267-ODW (AGR)

*To be supplied by the Clerk*

CIVIL RIGHTS COMPLAINT
PURSUANT TO *(Check one)*
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes ☐ No

2. If your answer to "1." is yes, how many? _____ 1 _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   MEDICAL TREATMENT. WAS REFUSE PROPER MEDICAL AND WAS REFUSE MEDICAL TEST WHICH THAY SAID I DO NOT NEED, BECAUSE THAY ARE DOCTORS AND WENT TO SCHOOL. IN JAN. 2011 I ALMOST DIE BECAUSE OF THERE MEDICAL NON-TREATMENT AND THERE REFUSAL TO LET ME SEE A HEART SURGERY AND A SURGEON FOR MY INTESTINE. HAD TWO EMERGENCY SURGERY IN JAN. 2011, OPEN HEART, THEN 7 DAYS LATER INTESTINE RIP OPEN.

RECEIVED
CLERK, U.S. DISTRICT COURT

NOV 2 - 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

a. Parties to this previous lawsuit:
Plaintiff *Michael Grimes*

Defendants *S. NASEER, M.D. — Jalal Soltanian, M.D.*

b. Court *UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA*

c. Docket or case number *2:12-CV-00937-DAD*

d. Name of judge to whom case was assigned *DALE A. DROZD*

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) *STILL PENDING*

f. Issues raised: *MEDICAL*

g. Approximate date of filing lawsuit: *MARCH 13, 2014*

h. Approximate date of disposition *TBD UNKNOWN*

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes ☐ No

If your answer is no, explain why not

3. Is the grievance procedure completed? ☒ Yes ☐ No

If your answer is no, explain why not

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff *Michael Grimes*
(print plaintiff's name)

who presently resides at *C.I.M.-Cyard-ALPINE 207L, P.O. Box 500, Chino, Calif. 91708* ,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

*CALIFORNIA INSTITUTION FOR MEN, CHINO*
(institution/city where violation occurred)

on (date or dates) _09/29/2015_ , _10-14-2015_ , _____.
   (Claim I)                (Claim II)              (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _J. BEARD_ _____ resides or works at
             (full name of first defendant)

   _P.O. Box 942883, Sacramento, CA. 94283-0001_
   (full address of first defendant)

   _SECRETARY OF CALIF. Dept. OF CORRECTIONS AND REHABILITATION_
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

_HE IS RESPONSIBLE FOR THE RULES AND REGULATIONS OF CDCR. AND THE_
_TRAINING OF HIS STAFF. HE LETS THEM BRAKE THE LAWS FOR NO REASON_

2. Defendant _P. CHOLAKYAN_ _____ resides or works at
             (full name of first defendant)

   _C.I.M. STATE PRISON, P.O. Box 128, Chino, Ca. 91708-0128_
   (full address of first defendant)

   _CORRECTIONAL OFFICER_
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

_DOES NOT KNOW WHAT WAS SAID IN MEDICAL, STILL GAVE ME A_
_115. I DID NOT REFUSE, HE SAYS I DID. DOES NOT KNOW THE LAWS_

3. Defendant _T. PALMER_ _____ resides or works at
             (full name of first defendant)

   _C.I.M. -STATE PRISON, P.O. Box 128, Chino, Ca. 91708-0128_
   (full address of first defendant)

   _CORRECTIONAL LIEUTENANT_
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

Explain how this defendant was acting under color of law:

_Lie To me about the Law. Says They HAVE The rigth to Force me_
_to insurt a Tube into my body so thay can HAVE THERE U.A. Test._

---

CV-66 (7/97)                        **CIVIL RIGHTS COMPLAINT**                        Page 3 of 6

**D. CLAIMS***

CLAIM I

The following civil right has been violated:

MEDICAL - Pain and Suffing - By Forcing me to insert A 16" Catheter into my Body to withdraw there urin Sample. I have to do this to urinate, It is painful and I have A track Infection Because of it. Because of this for My urin sample has to be done By there Medical Staff. Medical staff will not do it and I refuse to do it Because of the pain it cause and the infection Urinary track. Force to Atten A.A. class - This is a Religionist - not mine False Inprisonment for the reason I ref refuse to put Myself in pain and cause more infection in my Body and told them medical staff had to do this I was found Guilty and punish for this. See Exhibit -A- Civil Rights are the 8 Amendment (U.S.C.) Due Progess, Fiase Inprisonment.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

DEFENDANT 1 - J. BEARD - NUMBER OF PARAGRAPHS = (2)

1 - Mr. Bear in the head Person of California Department of Corrections and Rehabilitation. His Job is to train his employes in the Law and what is needed to get a urin sample from a inmate with medical Problems. If he does not know the "U.S. Constitution" as the State of California says Ignorat of the Law is no excuse.

2. - After I receive the 115 I was call into my CCCMS Treatment classification with my Primary clinician and Psychiatrist, my case worker and my C.C.I. (Correction Counselor 1) all medical staff told me it had to be done by Medical only. The only Person to say I had to do it was the non-medical person and that was my C.C.I. This proves that custody staff and medical staff do no agree on this.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

SUPPORTING FACTS CONTINUE FROM PAGE 5 of 6
DEFENDANT NUMBER 2 - P. CHOLAKYAN
PARAGRAPHS 5 OF THEM - 2 pages 5A AND 5B.

1 - P. CHOLAKYAN IS THE CORRECTION OFFICER WHO
WAS THE PERSON WHO WAS TO GIVE ME THE
BOTTLE FOR THE SAMPLE FOR URINALSIS TESTING.
THIS TEST IS FOR ALCOHOL AND DRUGS IN MY BODY.
AS A TESTING OFFICER HE SHOULD KWOW THE RULES
FOR TESTING A INMATE WITH MEDICAL PROBLEMS
THAT REQURIE A PERSON WHO HAS TO INSERT A
FOREIGN OBJECT INTO A PERSON BODY TO EXTRAL HIS
REQUIRE, TEST SIMPLY OF BODY FLWID.
2 - WHEN P. CHOLAKYAN TOOK ME BACK TO THE R.N.
SO HE COULD INSERT A CATHETER TO WITHDRAW THE
TEST SIMPIE THE R.N. SAY HE WOULD NOT DO IT. AT THIS
POINT I SHOULD HAVE BEEN RELEASE AND NO CHARGES
BROUGHT AGAIST ME BECAUSE I DID NOT REFUSE TO GIVE
THE TEST SIMPLE THE R.N. REFUSE TO GIVE IT TO ME.
3 - AT THIS TIME I WAS IN MEDICAL TALKING TO THE R.N.
AND CORRECTION OFFICER P. CHOLAKYAN WAS NOT PAYING
ATTIOW TO WHAT WAS SAID. IT TOOK ABOUT HALF A HOUR
TO GET THE 4 QUESTION I ASK, ANSWER. I NUMBER
THE QUESTIONS AND ANSWER TO CORRELATE WITH THIS
STATEMENT. SEE EXHIBIT-A- PAGES BOTTOM OF 5 AND
THE TOP OF PAGE 6. ON PAGE 5 QUESTION 1 CORRECTION
P. CHOLAKYAN DID NOT ANSWER IT. I ASK WHAT
DID THE R.N. SAY ABOUT TAKEN THE SAMPLE.

PAGE -5A-

SUPPORTING FACTS CONTINUE FROM PAGE 5A

QUESTION 2 on PAGE 7 TOP OF PAGE THE QUESTION WAS ASK ABOUT WHAT THE R.N. SAID. CORRECTION OFFICER P. Cholakyan ANSWER is MISLEADING. YES THE R.N. SAID I COULD DO IT MYSELF BUT THE R.N. ALSO SAID THAT HE WOULD NOT DO THE TAKEN OF THE SIMPLE. HE GAVE NO REASON WHY. IN THIS QUESTION DOES NOT AGREE WITH THE ANSWER WITH QUESTION, NUMBER 4.

QUESTION 4 on TOP OF PAGE 7, EXHIBIT A CORRECTION OFFICER P. Cholakyan STATES THAT THE PROCEDURE TO COLLECT THE SAMPLE FOR HIM, HAS TO BE DONE BY MEDICAL AND MEDICAL DECLINED TO DO THIS.

4- CORRECTION OFFICER P. Cholakyan KNEW THAT THE R.N. HAD TO TAKE THE SIMPLE HIMSELF BUT REFUSE TO DO IT. BECAUSE MEDICAL REFUSE TO DO THERE JOB, AND CORRECTION OFFICER P. Cholakyan COULD NOT DO IT HE THE WROTE THE 115 WHICH IS EXHIBIT A PAGES 3 AND 4. AND TO THE BEST OF MY KNOWIDEGE OF WHAT HE WROTE AND ANSWER HE HAD NO GROUNDS TO WRITE THE 115.

5- WHAT CORRECTION OFFICER DID WAS TO CHANGE THE LAW WHICH IN TRUN DUE PROCESS OF MY LEGAL RIGHTS AND THE 8 AMENDMENT

PAGE - 5B-

SUPPORTING FACTS CONTINUE FROM 5B
DEFENDANT NUMBER 3 — CORRECTIONAL LIEUTENANT
T. PALMER — THE (SHO) SENIOR HEARING OFFICER
PARAGRAPHS — 3 OF THEM.

1 — AS THE HEARING OFFICER HE EITHERE KNOWS
THE LAW OR NOT. WHEN OFFICER P. CHOLAKYAN TOLD
THAT THIS HAD TO BE DONE BY MEDICAL STAFF
NOT FOR SECURITY (SEE EXHIBIT A PAGE 7 QUESTION 4)
LIEUTENANT SHOULD HAVE DISMISS THIS 115 AS OF
A NOT-GUILTY.

2 — LIEUTENANT TOLD ME THAT MY MEDICAL PROBLEM
WAS IN THE TITLE 15 BOOK. HE DID NOT EVEN TRY
TO CONFIRM ANY PART OF THE LAW OR IF IT WAS IN
THE TITLE 15 BOOK. IT IS NOT BECAUSE I TOOK THE
TIME TO LOOK IT UP ONLY MEDICAL FOR THIS IS IN
THE MENTEL HEALTH DEPARTMENT. (SEE EXHIBIT-C)

3 — WHEN I TOLD LIEUTENANT T. PALMER AS NOTED IN
(EXHIBIT-A PAGE 6) UNDER PLEA/STATEMENT I TOLD
HIM I DONE THIS BEFORE AT R.J. DONOVAN STATE
PRISON, HE DID LOOK IT UP ON THE COMPUTE SAYING
ALL IS SAYS IS I DID GET A 115 FOR U.A. TESTING.
(SEE EXHIBIT "D") THIS 115 WAS DISMISS AND WHEN
IT WAS, I WAS TOLD THAT MEDICAL HAS TO DO THIS
TEST ON ME BECAUSE NO MATTER HOW MANY TIMES
I SELF CATHETER IF I HURT OR DO ANY DAMAGE
TO MY BODY IT IS THERE FAULT. AND AT R.J. DONOVAN
THE MEDICAL STAFF WOULD NOT DO THE TEST FOR THEM.

PAGE — 5C —

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

My Constitution Rights have been violated by the actions of the defendants of this case. There is no set policy set form in title 15. I have the right to have medical to do this test. I chosen to use the the intermitten catheter over my doctor avice, doing this catheter this way cause me more pain, more urinary infection and may cause othere damage. I chosen this medical procedure knowing the risk. I did not chouse this for there way to get a urin simple for there test, medical staff have to do this test for them because it gau does cause more medical problems. That is why the medical staff has alway told California department of correction officers this — NO!! Because of this what freedom I have the officer at this prison took from me and thay are trying to send me to A.A. meetings which is a reilgion, I'm not religious. Thay "all defendant's" have no legal right to do this, and I do have question about this for illegal under new laws. Do you not have the right not to incriminate yourself there rules are unconstitution for all of these reason I ask this court to: Order California Department of Correction to stop all disciplinary action and to return my 30 days lost of credit. To pay all court coast, to pay me noless then 25,000.ºº dollarys for pain and suffing. And to aprove the motion to stop all U.A. testing until this case is settle.

10/26/2015
(Date)

Michael Grimes
(Signature of Plaintiff)

# EXHIBITS

EXHIBIT - A - 15 pages - copy oF 115.

EXHIBIT - B - 3 pages - 602 To STOP DISCIPLINARY

EXHIBIT - C - 4 pages - WHAT TITLE 15 SAYS ABOUT Medical

EXHIBIT - D - 5 pages - 115 ThaT WAS Dismissed FOR

SAMe Thing AT R.J. DONNVAN

STATE PRISON.

# EXHIBIT
# COVER PAGE

A

### Exhibit

Description of exhibit _Copy of THE 115 FOR_
_REFUSAL TO PROVIDE A URINE Sample on_
_October 14, 2015_

Number of pages to this exhibit _15_

-1-

15-10-004

Version 4.3.1

**Release Note**

Summary    Bed Inventory    ADA/EC History

Generate Reports / Get Help / Report a Problem / Log Out

CDC # .  V38005    [Search]    CDC Number: V38005, GRIMES, MICHAEL JAMES

## Summary

### Offender/Placement

| | |
|---|---|
| CDC #: | **V38005** [Other] |
| Name: | **GRIMES, MICHAEL JAMES** |
| Institution: | **California Institution for Men** |
| Bed Code: | **C A 1138001L** |
| Placement Score: | **19** |
| Custody Level: | **Medium A** |
| Housing Pgm: | **SNY - Sens Needs Yd** |
| Housing Restrictions: | **Ground Floor-Limited Stairs, Lower/Bottom Bunk Only** |
| Physical Limitations: | |

### Disability/Assistance

| | |
|---|---|
| DDP Code: | **NCF** |
| Effective Date: | **06/08/2004** |
| DPP Codes: | **DNM** [History] |
| 1845 Date: | **05/27/2015** |
| MHSDS Code: | **CCCMS** |
| SLI: | **No** |
| Primary Method: | **None** |
| Alternate Method: | |
| Learning Disability: | |
| TABE Score: | **9.4** |
| TABE Date: | **07/07/2004** |
| Healthcare Appliances: | **Dressing/Catheter/Colostomy** [Info] **Supplies, Mobility Vest, Eye Glasses, Shoes** |
| Dialysis: | **No** |
| Last Accomm: | |
| Spoken Languages: | |

### Important Dates

| | |
|---|---|
| Pending Revocation: | **No** |
| Revocation Date: | |
| Date Received in CDCR: | **06/03/2004** |
| Last Return Date: | |
| Extended Stay Date: | **08/02/2004** |
| Extended Stay Privileges? | |
| Release Date: | **07/19/2016** |
| 120 Day Date: | **03/21/2016** |
| Next IDST Date: | |

### Work/Vocation/PIA

**1   2**

| | |
|---|---|
| Group Priv: | **A** |
| Group Work: | **A1** |
| Start Date: | **05/09/2015** |
| Status: | |
| Job Position: | **VG1.001.005** |
| Job Title: | **VOLUNTARY GED STUDENT AM** |
| IWTIP Code: | **K** |
| IWTIP Description: | |
| Regular Day Off: | **SU, S, H** |
| Work Hours: | **0800-1100** |

## Accommodation History

No Accommodation Records Found.

—2—

CDC-80    nt to Records on: _____ By: _____    TABE SCORE: 9.4

STATE OF CALIFORNIA

### RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| V-38005 | GRIMES, M. | EPRD 07/19/2016 | CIM - C | C1-138L | FAC-15-10-004 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR § 3290(d) | REFUSAL TO PROVIDE A URINE SAMPLE | C-ADMIN BLDG. | 10/03/2015 | 1520 hours |

CIRCUMSTANCES

On October 3, 2015, at approximately 1520 hours, while performing my duties as the C-Security #2 Officer, I was accounting for inmates who were on the Mandatory Random Urinalysis Program (MRUP) list dated: 09/29/2015 as they entered the C Facility Administration building. I positively identified Inmate GRIMES, M. (CDC# V-38005), from his state issued Identification card as he entered the administration building. I informed Inmate GRIMES that he was required to provide a urine sample based on the fact his name appeared on the MRUP list. Inmate GRIMES spontaneously stated, "I need help from medical staff to provide a UA sample because I have a catheter." I referred to the on duty R.N. and attempted to verify Inmate GRIMES' claim regarding him needing help urinating…

### CONTINUATION OF CIRCUMSTANCES ON CDC-115C - PART C [ATTACHED]…

Inmate GRIMES (is)/ **is not** a participant in the Mental Health Services Delivery System.
Level of Care: **N/A, CCCMS**, EOP, MHCB, APP, ICF, OR PIP.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ► P. CHOLAKYAN, CORRECTIONAL OFFICER | 10-5-15 | C-SECURITY #2 OFFICER | TH/F |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ► R. MATUTE, CORRECTIONAL SERGEANT | 10/8/15 | DATE   N/A | LOC | N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | F | 10/7/15 | ► G. GILMAN, FACILITY CAPTAIN | ☐ HO ☑ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ► | 10/10/15 | 1905 | URINALYSIS INFORMATION REPORT |

| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) ► | DATE | TIME | BY: (STAFF'S SIGNATURE) ► | DATE 10/10/15 | TIME 1905 |
|---|---|---|---|---|---|---|

HEARING

## FOR HEARING RESULTS SEE SUPPLEMENTAL, CDC-115 PART-C PAGE(S)

REFERRED TO  ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| T. PALMER, CORRECTIONAL LIEUTENANT | ► Palmer | 10/14/15 | 1910 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ► G. GILMAN, FACILITY CAPTAIN | 10/16/15 | ► L. PARKER, CHIEF DISCIPLINARY OFFICER | 10/16/15 |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ► | DATE 10/22/15 | TIME 1210 |
|---|---|---|---|

DC 115

-3-

STATE OF CALIFORNIA                                                                        DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT - PART C

PAGE __1__ OF __1__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V-38005 | GRIMES, M. | FAC-15-10-004 | CIM – C | 10/03/2015 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☒ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE Report   ☐ OTHER:_____

CONTINUED FROM CIRCUMSTANCES PAGE 1

The on duty R.N. offered to provide Inmate GRIMES sterile medical equipment to include a new catheter in order to assist him in providing his mandatory urinalysis test. Inmate GRIMES requested medical to administer the catheter for him. The on duty R.N. stated that the urine sample could be provided self-administered as required 4-6 times within a day or as needed.

I advised Inmate GRIMES of my conversation with the on duty R.N. and gave him another opportunity to provide a urine sample. Inmate GRIMES again refused. I advised Inmate GRIMES a CDC-115 will be generated for violating CCR Title 15§ 3290(d) specifically "Refusal to Provide a Urine Sample". Inmate GRIMES stated he understood and continued to refuse. Inmate GRIMES is aware of this report.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| P. CHOLAKYAN, CORRECTIONAL OFFICER | | 10-5-15 |

| | COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) C/o R.f | DATE SIGNED 10/22/15 | TIME SIGNED 1210 |
|---|---|---|---|---|

CDC 115-C (1/12)

-4-

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C
                                                                                            PAGE   1    OF  4

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V38005 | GRIMES, MICHAEL | FAC-15-10-004 | CIM, FACILITY-C | 10-14-15 |

☐ SUPPLEMENTAL ☐ CONTINUATION OF: ☐ CIRCUMSTANCES ☒ HEARING ☐ INVESTIGATIVE EMPLOYEE ☐ STAFF ASSISTANT ☐ OTHER _____

**PLEA:** Not Guilty                          **FINDINGS:** Guilty

On October 14, 2015, at approximately 1910 hours, Inmate GRIMES made a personal appearance before this Senior Hearing Officer (SHO), Correctional Lieutenant T. Palmer, in the CIM, Facility-C, Program Office for the purpose of adjudicating this Rules Violation Report. Inmate GRIMES stated he was in good health.

Inmate GRIMES acknowledged that he received copies of the following documents at least twenty-four (24) hours prior to this hearing:

- Summary of Disciplinary Procedures and Inmate Rights
- CDC-115, Description of Circumstances
- CDC-115A
- CDC-115, Part C, Continuation of Circumstances
- Urinalysis Information Report

These reports, as well as the disciplinary charge of "Refusal to Provide a Urine Sample", were reviewed with Inmate GRIMES and he stated he is ready to proceed with the hearing in the Program Lieutenant's Office.

**DURABLE MEDICAL EQUIPMENT:** Disability Effective Communication System reflects that Inmate GRIMES is assigned prescription glasses, vest, and shoes. SHO noted Inmate GRIMES was wearing his prescription glasses, vest, and shoes throughout the disciplinary hearing.

**EFFECTIVE COMMUNICATION:** At the commencement of the hearing, Effective Communication was established with Inmate GRIMES by speaking to him in English.

The SHO determined communication was effective and Inmate GRIMES is able to understand and effectively articulate both the nature of the charge and the disciplinary process. This was determined by:

- Inmate GRIMES reiterating, in his own words, what was explained to him.
- Inmate GRIMES provided appropriate, substantive, responses to questions asked.
- Inmate GRIMES asked appropriate questions regarding the information provided.

**MENTAL HEALTH ASSESSMENT:** Inmate GRIMES is a participant in the Mental Health Delivery System at the CCCMS Level of Care. The SHO notes that the described behavior of Inmate GRIMES did not appear unusual, uncharacteristic, or bizarre. Therefore, a Mental Health Assessment is not required.

**DISTRICT ATTORNEY REFERRAL:** This matter was not referred for criminal prosecution.

**DUE PROCESS:** The RVR was served within fifteen (15) days of discovery. The hearing was held within thirty (30) days of service. Time constraints have been met. There are no Due Process issues.

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | T. Palmer, Correctional Lieutenant (SHO) | 10/15/2015 |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 10/22/15 | TIME SIGNED 1210 |

CDC 115-C (11/11)                          — 18 — 5 —                          R.B. / 2W

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT - PART C

PAGE  2  OF  4

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V38005 | GRIMES, MICHAEL | FAC-15-10-004 | CIM, FACILITY-C | 10-14-15 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ CIRCUMSTANCES  ☒ HEARING  ☐ INVESTIGATIVE EMPLOYEE  ☐ STAFF ASSISTANT  ☐ OTHER: _____

**STAFF ASSISTANT:** Inmate GRIMES waived the assignment of a Staff Assistant, as evidenced by his signature on the CDC-115A.

**INVESTIGATIVE EMPLOYEE:** Inmate GRIMES waived assignment of an Investigative Employee, as evidenced by his signature on the CDC-115A.

**CHARGES:** The Rules Violation Report (RVR), CDC-115, charges Inmate GRIMES with a violation of California Code of Regulations (CCR), Title 15, §3290(d) Methods for Testing of Controlled Substances or for Use of Alcohol. The specific act charges Inmate GRIMES with "Refusal to Provide a Urine Sample".

CCR Title 15 §3290(d), Methods for Testing of Controlled Substances or for Use of Alcohol, states: Inmates must provide a urine sample when ordered to do so pursuant to these regulations, for the purpose of testing for the presence of controlled substances or the use of alcohol.

**PLEA/STATEMENT:** The charges contained in the RVR were read aloud to Inmate GRIMES, who entered a plea of "Not Guilty" and provided the following statement, "I tried, but medical would not do their job. In the past at R.J. Donovan I was told that medical has to do the test and had to do everything. Here at C.I.M. I am told differently."

The SHO asked Inmate GRIMES the following question(s) and received the following answer(s):

Q (SHO):  "Do you use a catheter to urinate everyday?"
A (I/M):  "Yes, at least 4 times a day."

Q (SHO):  "So why did you not use a catheter when requested to provide a urine sample?"
A (I/M):  "Because when inserting a foreign object in myself, medical staff has to do it."

Q (SHO):  "If you use a catheter everyday on your own, why would medical have to assist you during a urinalysis test?"
A (I/M):  "Because I am being forced to collect evidence that could be used against me, therefore medical staff should be required to collect the sample."

**WITNESSES:** Inmate GRIMES requested the presence of witnesses at this disciplinary hearing. The SHO considered the potential exculpatory and/or relevant information the witnesses would provide (CCR Title 15 §3315(e)(1)(A-C)).

The SHO granted Correctional Officer P. Cholakyan as a witness, who personally appeared and provided the following testimony in response to question(s) posed by the SHO at the hearing:

Q (SHO):  "Did Inmate GRIMES refuse to provide a sample or did the R.N. refuse to insert a catheter?"
A (C/O):  "Yes, he did refuse to provide a sample. He was escorted to medical and provided the opportunity to talk to the on-duty medical staff."

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | T. Palmer, Correctional Lieutenant (SHO) | | 10/15/2015 |
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 10/22/15 | 1210 |

CDC 115-C (11/11)                              — 6 —                              R.B. / 2W

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT - PART C

PAGE 3 OF 4

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V38005 | GRIMES, MICHAEL | FAC-15-10-004 | CIM, FACILITY-C | 10-14-15 |

☐ SUPPLEMENTAL ☐ CONTINUATION OF: ☐ CIRCUMSTANCES ☒ HEARING ☐ INVESTIGATIVE EMPLOYEE ☐ STAFF ASSISTANT ☐ OTHER:_____

**2**

Q (SHO): "Did the R.N. state in front of everyone present in the room that he refused to collect the sample?"

A (C/O): "No", all he stated was, "If you can urinate in your cell, you can urinate during the test."

**3**

Q (SHO): "How can you write a 115 if you cannot recall everything that occurred?"

A (C/O): "Because at the end, I again asked him if he was going to urinalysis test and he stated that if medical is not going to help me, then I am not going to provide a sample."

**4**

Q (SHO): "Is this a medical procedure, and does it have to done by medical staff?"

A (C/O): "Yes", medical would have to insert a catheter, as Security cannot do it. But, because he uses a catheter every day, medical declined to collect the sample for him."

No further questions were asked of this witness. Correctional Officer P. Cholakyan was excused from the hearing.

**FINDINGS:** Inmate GRIMES is being found Guilty of "Refusal to Provide a Urine Sample". "Refusal to Provide a Urine Sample", means: The inmate was ordered to submit a urine sample for controlled substance testing and refused to comply. Ordering a urinalysis is appropriate under the following conditions: (1) When there is reasonable cause to believe the inmate has possessed, distributed, used, or is under the influence of, a controlled substance. (2) When mandatory random testing is known to the inmate to be a condition for the inmate's participation in a specific program, assignment, or activity. (3) As part of an authorized disposition of a disciplinary hearing. (See, CCR Title 15 §3290(c)(1-3)).

The SHO's finding is based on the following evidence:

1. The Reporting Employee's written report, wherein: "On October 3, 2015, at approximately 1520 hours, while performing my duties as the C-Security #2 Officer, I was accounting for inmates who were on the Mandatory Random Urinalysis Program (MRUP) list dated: 09/29/2015 as they entered the C Facility Administration building. I positively identified Inmate GRIMES, M. (CDC# V-38005), from his state issued Identification card as he entered the administration building. I informed Inmate GRIMES that he was required to provide a urine sample based on the fact his name appeared on the MRUP list. Inmate GRIMES spontaneously stated, "I need help from medical staff to provide a UA sample because I have a catheter." I referred to the on duty R.N. and attempted to verify Inmate GRIMES' claim regarding him needing help urinating  The on duty R.N. offered to provide Inmate GRIMES sterile medical equipment to include a new catheter in order to assist him in providing his mandatory urinalysis test. Inmate GRIMES requested medical to administer the catheter for him. The on duty R.N. stated that the urine sample could be provided self-administered as required 4-6 times within a day or as needed.

I advised Inmate GRIMES of my conversation with the on duty R.N. and gave him another opportunity to provide a urine sample. Inmate GRIMES again refused. I advised Inmate GRIMES a CDC-115 will be generated for violating CCR Title 15§ 3290(d) specifically "Refusal to Provide a Urine Sample". Inmate GRIMES stated he understood and continued to refuse. Inmate GRIMES is aware of this report."

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| T. Palmer, Correctional Lieutenant (SHO) | 10/15/2015 |

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 10/22/15 | TIME SIGNED 1710 |
|---|---|---|---|

CDC 115-C (11/11)

R.B. /2W

STATE OF CALIFORNIA                                                  DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT - PART C

PAGE 4 OF 4

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V38005 | GRIMES, MICHAEL | FAC-15-10-004 | CIM, FACILITY-C | 10-14-15 |

☐ SUPPLEMENTAL ☐ CONTINUATION OF: ☐ CIRCUMSTANCES ☒ HEARING ☐ INVESTIGATIVE EMPLOYEE ☐ STAFF ASSISTANT ☐ OTHER:_____

2. The testimony of Correctional Officer P. Cholakyan at the hearing.

3. The SHO notes that there was nothing to prohibit Inmate GRIMES from providing the urine sample himself due to the fact that Inmate GRIMES admitted he uses a catheter 4 times a day unassisted.

**DISPOSITION:** Found Guilty of a Division "F" Offense. The SHO assesses 30-days loss of Behavioral/Work Credits, consistent with the schedule provided in CCR Title 15 §3323 (Disciplinary Credit Forfeiture Schedule) for a Division "F" Offense.

This is the First Drug-Related offense for Inmate GRIMES. The following is a mandatory assessment:

The SHO assesses 30-days Loss of Privileges to include: NO Yard.
(BEGINNING: 10-14-15 and THROUGH: 11-13-15).

The SHO states that Inmate GRIMES should be allowed access to the Law Library.

Inmate GRIMES must provide at least one (1) drug test per month for a period of one-year.
(BEGINNING: 10-14-15 and THROUGH: 10-13-16)

Inmate GRIMES was informed that refusal to submit to a random test or any positive test result during the mandatory random drug testing period shall result in the issuance of a CDC Form 115 and a new mandatory drug testing order.(CCR Title 15 §3315(f)(4)(D))

The SHO assesses Loss of Visiting for 90-days (BEGINNING: 10-14-15 and THROUGH: 1-12-16), to be followed by placement on Non-Contact Visit Status for 90-days
(BEGINNING: 1-13-16 and THROUGH: 4-12-16).

Inmate GRIMES is required to attend Alcoholics Anonymous/Narcotics Anonymous meetings or be assigned to a substance abuse education and/or treatment program, to the extent such programs are available in the institution/facility.

Inmate GRIMES was counseled, warned, and reprimanded regarding future behavioral expectations.

**APPEAL RIGHTS:** Inmate GRIMES has been apprised of the above findings and his right to appeal this decision, per CCR Title 15 §3084. Inmate GRIMES was further advised that he would receive a completed copy of this Rules Violation Report containing the findings, disposition, and evidence relied upon within five (5) working days following review by the Chief Disciplinary Officer (CDO). (CCR Title 15 §3320(l))

**CREDIT RESTORATION:** Inmate GRIMES was advised that Work Time Credit forfeited will not be restored for a disciplinary offense where the inmate was ordered to submit to a drug test pursuant to CCR Title 15 §3290(c)(1-4), and he refused.

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | T. Palmer, Correctional Lieutenant (SHO) | 10/15/2015 |

| | COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|---|
| | | | 10/22/15 | 1216 |

CDC 115-C (11/11)                         **-8-**                         R.B. / 2W

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| V-38005 | GRIMES, M. | CCR § 3290(d) | 10/03/2015 | CIM - C | FAC-15-10-004 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| ☒ | I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ► x *M. Grimes* | DATE 10/10/15 |
|---|---|---|---|
| ☐ | I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ► | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| ☐ I REVOKE my request for postponement | | INMATE'S SIGNATURE ► | DATE |

## STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED ☒ WAIVED BY INMATE | INMATE'S SIGNATURE ► x *M. Grimes* | DATE 10/10/15 |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF |
| ☐ NOT ASSIGNED | REASON DOES / DOES NOT MEET THE CRITERIA PURSUANT TO CCR, TITLE 15 §3315(d)(2)(A) | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☐ REQUESTED ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ► x *M. Grimes* | DATE 10/10/15 |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF |
| ☐ NOT ASSIGNED | REASON DOES / DOES NOT MEET THE CRITERIA PURSUANT TO CCR, TITLE 15 §3315(d)(1)(A) | |

EVIDENCE/INFORMATION REQUESTED BY INMATE

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☒ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER_____ ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ► | DATE |
|---|---|---|

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY (STAFF SIGNATURE) ► *CLW* | TIME 1210 | DATE 10/22/15 |
|---|---|---|---|

CDC 115-A (1/12)   *– If additional space is required use supplemental pages –*   OSP 03 74845

~ 8 ~

STATE OF CALIFORNIA                                                                                          DEPARTMENT OF CORRECTIONS

SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS
(See Title 15, California Code of Regulations, for details)

A.  HEARING — A serious rule violation may result in the loss of credits. A hearing will normally be held within thirty (30) days but not less than 24 hours, from the date you receive a copy of the Rules Violation Report. An exception is provided in the California Code of Regulations when a case has been referred for possible prosecution and you have requested, in writing, and been granted, a postponement pending the outcome of such referral. Failure of staff to meet time constraints will usually act as a bar against denial or forfeiture of time credits, but will not bar against other authorized disciplinary actions. *(CCR 3320)*

B.  INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE —

   1.  *General Information* — You may request to have an investigative employee and/or a staff assistant assigned to assist you in the investigation, preparation, or presentation of your defense at the disciplinary hearing if it is determined by staff that (1) you are illiterate, or (2) the complexity of the issues, or (3) your confinement status makes it unlikely that you will be able to collect and present the evidence necessary for an adequate comprehension of your case. *(CCR 3315-3318)*

   2.  *Staff Assistant* — A staff member will be assigned to assist you in the disicplinary process if you are deemed to be incapable of representing yourself. The assigned staff will assist you in preparing for the hearing and assist you at the hearing. The staff assistant will maintain any confidence you request about your past conduct. *(CCR 3318)*

   3.  *Investigative Employee* — An investigative employee, if assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the invesugative employee's report 24 hours before a hearing is held. *(CCR 3318)*

   4.  *Witnesses* — You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, question any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. *(CCR 3315)*

   5.  *Personal Appearance* — A hearing of the charges will not normally be held without your presence, unless you refuse to attend. *(CCR 3320)*

C.  REFERRAL FOR PROSECUTION — Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. *(CCR 3316-3320)*

You have the right to remain silent at a disciplinary hearing and no inference of guilt or innocence will be drawn from your silence. Any statements you do make may be used against you in criminal proceedings.

D.  DISPOSITION — At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the CDC 115 and CDC 115-A by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. *(CCR 3320)*

E.  APPEAL — If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal, form CDC 602, within fifteen days following receipt of the finalized copy of the CDC 115/CDC 115-A. When filing your appeal, be sure to attach a copy of the finalized CDC 115/CDC 115-A, if applicable; and any other pertinent documentation. *(CCR 3003)*

F.  ABBREVIATIONS — HO-Hearing Officer; SC-Sub Committee; FC-Full Committee; SHO-Senior Hearing Officer; BPT-Board of Prison Terms.

CDC 115-A (12/88)

STATE OF CALIFORNIA
CDC 115 DOCUMENTATION OF EFFECTIVE COMMUNICATION – Page (2)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC-128 B

## CDC 115 DOCUMENTATION OF EFFECTIVE COMMUNICATION

**THIS DOCUMENT TO BE ATTACHED TO THE CDC 115 AND REMAIN ATTACHED UPON COMPLETION AND FILED IN CENTRAL FILE**

| INMATE NAME | CDC NUMBER |
|---|---|
| GRIMES, M. | V-38005 |

**ENSURE DISABILITY AND EFFECTIVE COMMUNICATION (DEC) SYSTEM IS REFERRED TO AND THE <u>INMATE QUERIED</u> FOR EFFECTIVE COMMUNICATION**

**INITIAL SERVICE** - The following to be completed during the initial serving of the document to the inmate.

☐ **No disabilities or issues requiring equally effective communication** *(if checked, no further completion of form necessary)*
**(ATTACH THE DECS SUMMARY SHEET TO THIS DOCUMENT)**

**"S" was identified with** *(refer to DEC/Central File):*
☐ Hearing ☒ Vision ☐ Speech ☐ TABE 4.0 or lower, "S" TABE is _____
☐ CCCMS ☐ Developmental Disability *(ensure confidentiality)*
☐ EOP/MHCB ☐ Learning Disability ☐ Foreign Language Speaking

**<u>Primary</u> method of communication:** *(Refer to DEC/Central File and query inmate)* _____

**<u>Alternate</u> method of communication:** *(Refer to DEC/Central File and query inmate)* _____

**NOTE:** *The primary method of communication shall normally be used to ensure effective communication in due process proceedings. If unable to use primary means of communication, staff shall explain the circumstances of why it wasn't use.*

**Assistance provided to ensure effective communication:**
☐ Use of Text Magnifier ☐ Read Documents to "S" ☐ Lip Reading
☐ Foreign Language Interpreter ☐ Sign Language Interpreter ☐ Written Notes *(see attached notes)*
☐ Spoke simple English, slowly and clearly ☐ "S" was wearing his hearing aid(s) ☐ Other _____
☐ "S" stated he did not need any assistance for Effective Communication

**Method used to determine communication was effective:**
☒ "S" reiterated, in her own words, what was explained
☒ "S" provided appropriate, substantive responses to questions asked
☒ "S" asked appropriate questions regarding the information provided
☐ "S" did not appear to understand the communication, even though the primary method of communication was used
☐ Other _____

Printed Name of Staff Issuing/Completing this section: _BUVANECURA_
Date: _10/10/15_

**STAFF ASSISTANT AND INVESTIGATIVE EMPLOYEES MUST DOCUMENT EFFECTIVE COMMUNICATION ON THE REVERSE SIDE OF THIS DOCUMENT.**

**EFFECTIVE COMMUNICATION TO BE ESTABLISHED BY THE SENIOR HEARING OFFICER (OR HEARING OFFICER) DURING THE HEARING AND DOCUMENTED IN THE BODY OF THE WRITTEN REPORT**

**FINAL COPY** – The following to be completed when issuing the inmate the final copy of the CDC 115.

☐ **No barriers to Effective Communication**
**Assistance provided to ensure effective communication:**
☐ Use of Text Magnifier ☐ Read Documents to "S" ☐ Lip Reading
☐ Foreign Language Interpreter ☐ Sign Language Interpreter ☐ Written Notes (see attached notes)
☐ Spoke simple English, slowly and clearly ☐ "S" was wearing his hearing aid(s) ☐ Other _____
☐ "S" stated he did not need any assistance for Effective Communication

**Method used to determine communication was effective:**
☒ "S" reiterated, in his own words, what was explained
☒ "S" provided appropriate, substantive responses to questions asked
☒ "S" asked appropriate questions regarding the information provided
☐ "S" did not appear to understand the communication, even though the primary method of communication was used
☐ Other _____

Printed Name of Staff Issuing/Completing this section: _JAUREGUI_
Date: _10/22/15_
CDC 115-A (12/88)

STATE OF CALIFORNIA
CDC 115 DOCUMENTATION OF EFFECTIVE COMMUNICATION – Page (2)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC-128 B

**S/A TO COMPLETE - INITIAL SERVICE OF DOCUMENT** The following to be completed upon initiating the interview with the inmate.

☐ **No barriers to effective communication**
**Assistance provided to ensure effective communication:**
☐Use of Text Magnifier ☐Read Documents to "S" ☐Lip Reading
☐Foreign Language Interpreter ☐Sign Language Interpreter ☐Written Notes (see attached notes)
☐Spoke simple English, slowly and clearly ☐"S" was wearing his hearing aid(s) ☐Other _____
☐"S" stated he did not need any assistance for Effective Communication

**Method used to determine communication was effective:**
☐"S reiterated, in his own words, what was explained ☐"S" provided appropriate, substantive responses to questions asked
☐"S" asked appropriate questions regarding the information provided
☐"S" did not appear to understand the communication, even though the primary method of communication was used
☐Other _____

Printed Name of Staff Issuing/Completing this section: _____

Date: _____

**S/A TO COMPLETE - I E INTERVIEW** The following to be completed upon initiating the interview with the inmate.

☐ **No barriers to effective communication**
**Assistance provided to ensure effective communication:**
☐Use of Text Magnifier ☐Read Documents to "S" ☐Lip Reading
☐Foreign Language Interpreter ☐Sign Language Interpreter ☐Written Notes (see attached notes)
☐Spoke simple English, slowly and clearly ☐"S" was wearing his hearing aid(s) ☐Other _____
☐"S" stated he did not need any assistance for Effective Communication

**Method used to determine communication was effective:**
☐"S reiterated, in his own words, what was explained ☐"S" provided appropriate, substantive responses to questions asked
☐"S" asked appropriate questions regarding the information provided
☐"S" did not appear to understand the communication, even though the primary method of communication was used
☐Other _____

Printed Name of Staff Issuing/Completing this section: _____

Date: _____

**S/A TO COMPLETE - FINAL SERVICE OF DOCUMENT** The following to be completed upon initiating the interview with the inmate.

☐ **No barriers to effective communication**
**Assistance provided to ensure effective communication:**
☐Use of Text Magnifier ☐Read Documents to "S" ☐Lip Reading
☐Foreign Language Interpreter ☐Sign Language Interpreter ☐Written Notes (see attached notes)
☐Spoke simple English, slowly and clearly ☐"S" was wearing his hearing aid(s) ☐Other _____
☐"S" stated he did not need any assistance for Effective Communication

**Method used to determine communication was effective:**
☐"S reiterated, in his own words, what was explained ☐"S" provided appropriate, substantive responses to questions asked
☐"S" asked appropriate questions regarding the information provided
☐"S" did not appear to understand the communication, even though the primary method of communication was used
☐Other _____

Printed Name of Staff Issuing/Completing this section: _____

Date: _____

**IE TO COMPLETE - The following to be completed upon initiating the interview with the inmate.**

☐ **No barriers to effective communication**
**Assistance provided to ensure effective communication:**
☐Use of Text Magnifier ☐Read Documents to "S" ☐Lip Reading
☐Foreign Language Interpreter ☐Sign Language Interpreter ☐Written Notes (see attached notes)
☐Spoke simple English, slowly and clearly ☐"S" was wearing his hearing aid(s) ☐Other _____
☐"S" stated he did not need any assistance for Effective Communication

**Method used to determine communication was effective:**
☐"S reiterated, in his own words, what was explained ☐"S" provided appropriate, substantive responses to questions asked
☐"S" asked appropriate questions regarding the information provided
☐"S" did not appear to understand the communication, even though the primary method of communication was used
☐Other _____

Printed Name of Staff Issuing/Completing this section: _____

Date: _____

CDC 115-A (12/88)

– 12 –

Case 5:15-cv-02267-ODW-AGR Document 1 Filed 11/03/15 Page 22 of 39 Page ID #:22

# URINALYSIS INFORMATION REPORT

## CALIFORNIA INSTITUTION FOR MEN
## CHINO, CALIFORNIA

INMATE NAME: Grimes      CDCR# V38005      BED# C1-138L

INMATE JOB ASSIGNMENT _____    DATE: 10-3-2015    TIME: 15 20

FACILITY:  A ☐    B ☐    C ☒    D ☐    WATCH: 1ST ☐    2ND ☐    3RD ☒

## REASON FOR TESTING:

☐ Temporary Community Leave (TCL)    ☐ Temporary Community Leave Return (TCL)

☐ Entering Family Visit (FVS)    ☐ Exiting Family Visit (FVS)

☐ Probable Cause (PRB)    ☐ Random (RAN)

☐ Job or Program Requirement (JOB)    ☐ Substance Abuse Program (DRP)

☐ MRDT (list date:_____) (MAN)    ☒ MRUP (list date: 9-29-2015_____) (RAN)

  Note: Acronyms in () must be entered onto the reason line on each UA bottle label.

## TESTING OUTCOME:

☐ TESTED    ☒ REFUSED

☐ NOT TESTED: _____
(Examples: out to court; out to medical; less than 90 days of incarceration; medically incapable; etc......)

TEST ADMINISTERED BY: Cholakyan, P. 41009 _____    _____
(PRINT NAME AND PPAS)                 (SIGNATURE)

CORRECTIONAL SERGEANT: Matute, R. 35794 _____    _____
(PRINT NAME AND PPAS)                 (SIGNATURE)

# NOTICE OF MANDATORY

## RANDOM DRUG TESTING REQUIREMENTS

| INMATE NAME | INMATE CDCR NUMBER |
|---|---|
| GRIMES, MICHAEL | V38005 |

The above named inmate was found guilty of violating:

☐ CCR Title 15 §3016, Controlled Substances, Drug Paraphernalia, and Distribution

☒ CCR Title 15 §3290(d), Methods for Testing of Controlled Substances or for Use of Alcohol

The above named inmate was assessed a mandatory random drug testing period in accordance with CCR Title 15 §3315(f)(4), Serious Rule Violations.

☒ First offense. One-year of mandatory drug testing. The inmate must provide a minimum of one (1) random drug test per month.

☐ Second offense. One-year of mandatory drug testing. The inmate must provide a minimum of two (2) random drug tests per month.

☐ Third offense. One-year of mandatory drug testing. The inmate must provide a minimum of four (4) random drug tests per month.

One-year mandatory random drug testing.   Beginning:   10-14-15      Through:   10-13-16

| NAME / TITLE / SIGNATURE SENIOR HEARING OFFICER | DATE |
|---|---|
| T. Palmer, Correctional Lieutenant | October 14, 2015 |

DISTRIBUTION:      Inmate's Central File
                   Facility Log Book
                   Drug Testing Coordinator
                   Inmate

— 13 -14 —

**NAME and NUMBER:**               GRIMES, MICHAEL            V38005

On October 14, 2015, at approximately 1910 hours, Rules Violation Report (RVR), CDC-115, Log Number FAC-15-10-004, issued to Inmate GRIMES, was adjudicated by Correctional Lieutenant T. Palmer, Senior Hearing Officer (SHO). Inmate GRIMES was found guilty of violating CCR Title 15 §3290(d) Methods for Testing of Controlled Substances or for Use of Alcohol, the specific act of "Refusal to Provide a Urine Sample".

This is the First Drug-Related offense for Inmate GRIMES. The following is a mandatory assessment:

The SHO assesses 30-days Loss of Privileges to include: NO Yard.
(BEGINNING: 10-14-15 and THROUGH: 11-13-15)

Inmate GRIMES must provide at least one (1) drug test per month for a period of one-year.
(BEGINNING: 10-14-15 and THROUGH: 10-13-16)

The SHO assesses Loss of Visiting for 90-days (BEGINNING: 10-14-15 and THROUGH: 1-12-16),
to be followed by placement on Non-Contact Visit Status for 90-days
(BEGINNING: 1-13-16 and THROUGH: 4-12-16).

Inmate GRIMES is required to attend Alcoholics Anonymous/Narcotics Anonymous meetings or be assigned to a substance abuse education and/or treatment program, to the extent such programs are available in the institution/facility.

Original:     Central File
     cc:      RVR Registry
              CCII
              Assignment Office
              Inmate Trust Office
              Work Supervisor
              Housing Unit Officer
              Property/Package Room
              Canteen Manager
              Visitor Processing
              Program Officer (UA Officer)
              Inmate

T. Palmer, Correctional Lieutenant
Senior Hearing Officer (SHO)
CIM, Facility-C

**DATE:**      10-14-15      **LOP - Drug Related Offense**                **INFORMATIONAL**

Case 5:15-cv-02267-ODW-AGR Document 1 Filed 11/03/15 Page 25 of 39 Page ID #:25

# EXHIBIT
# COVER PAGE

B

### Exhibit

Description of exhibit _602 To STOP THE DISCIPLINARY UNTiL CouRT Rules on this case_

Number of pages to this exhibit _3_

−1−

**INMATE/PAROLEE APPEAL**

CDCR 602 (REV. 08/09)                                                                                    Side 1

| IAB USE ONLY | | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| | | | | |
| | | *FOR STAFF USE ONLY* | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): GRIMES Michael | CDC Number: V-38005 | Unit/Cell Number: ALPINE 138L | Assignment: NONE |
|---|---|---|---|

**State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):**

STOP ALL DISCIPLINARY UNTIL WE GO TO COURT

**A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):**

I'm FILLING A LAWSUIT FOR THIS 115 LOG, Number FAC-15-10-004. I BELEIVE THIS IS NOT LEGAL AND I'M HAVEING THE COURT TO DECIDE THIS.

**B. Action requested (If you need more space, use Section B of the CDCR 602-A):**

ASKING TO HOLD ALL PUNISHMENT AND NO MORE U.A. UNTIL THIS CLEARS THE COURT.

**Supporting Documents: Refer to CCR 3084.3.**

☒ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

Copy of the 115

~~Copy of Court Paper Work~~

☐ No, I have not attached any supporting documents. Reason : _____

**Inmate/Parolee Signature:** *Michael Grimes*          **Date Submitted:** 10/24/15

☐ **By placing my initials in this box, I waive my right to receive an interview.**

**C. First Level - Staff Use Only**                    Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes   ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
           (Print Name)

Reviewer: _____ Title: _____ Signature: _____
         (Print Name)

Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ___ / ___ / ___ |

-2-

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 1**

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |
| | *FOR STAFF USE ONLY* | | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded.**     **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| GRIMES Michael | V-38005 | Alpine 138L | NONE |

**A.  Continuation of CDCR 602, Section A only (Explain your issue) :**

I HAD A 115 ON A U.A. AT R.J.D. PRISON
What was Told to me there is not what
is here. There can not be 2 deference
Laws. So we are GOING To court I will set
ALL BEFORE THE JUDGE. I HAVE ALSO INFORM
THE COURT ABOUT THIS. WHAT THAY will DO
I DO NOT Know.

Inmate/Parolee Signature: _Michael Grimes_     Date Submitted: 10/24/15

S T A F F   U S E   O N L Y

**B.  Continuation of CDCR 602, Section B only (Action requested):** _____

Inmate/Parolee Signature: _____     Date Submitted: _____

- 3 -

# EXHIBIT COVER PAGE

C

### Exhibit

Description of exhibit  *INSERTS FROM TITLE 15 HOW AND WHO TO TEST - ONLY MENTAL HEALTH IS IN TITLE 15 - AND HEARING PROCEDURES*

Number of pages to this exhibit  *5*

TITLE 15    ΙΛ       DEPARTMENT OF CORRECTIONS AND REHABILITATION       §3318

(1) A postponed disciplinary hearing shall be held within 30 days after any one of the following events;

(A) The inmate has revoked a postponement request; an inmate may revoke a postponement request any time until the prosecuting criminal authority has filed an accusatory pleading against the inmate. The request shall be submitted in writing to the chief disciplinary officer or designee who shall complete the CDC Form 115-A revoking the postponement request.

(B) Written notice is received from the institution head or designee that the inmate's misconduct will not be referred for prosecution pursuant to subsection (b).

(C) Written notice is received that the prosecuting authority does not intend to prosecute.

(D) Written notice is received that the criminal proceedings are terminated without an acquittal.

(2) A decision to not prosecute or a court's dismissal of criminal charges without acquittal shall not prohibit or alter a departmental disciplinary hearing on the rule violation charges.

(3) A court verdict of guilty or not guilty, resulting from a trial, shall be accepted as the finding of fact on the same charges in a disciplinary hearing. Should the court accept a plea agreement or negotiated settlement resulting in a conviction for a lesser offense than was originally charged, or if a court dismisses a charge prior to trial, the Department shall not be precluded from taking appropriate administrative action based on the facts contained in the original charge. If a court finds the inmate not guilty after a finding of guilty in a disciplinary hearing, the rule violation charges shall be dismissed.

(4) Any verdict of the court shall not prohibit or reverse the actions of a disciplinary hearing on any lesser offenses included in the criminal charge.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2932 and 5054, Penal Code.

HISTORY:

1. Amendment filed 5-13-77; effective thirtieth day thereafter (Register 77, No. 20).
2. Amendment filed 6-30-77 as an emergency; effective upon filing (Register 77, No. 27).
3. Amendment of subsection (d) filed 9-29-77 as an emergency; effective upon filing. Certificate of Compliance included (Register 77, No. 40).
4. Amendment of subsection (b) filed 8-22-79; effective thirtieth day thereafter (Register 79, No. 34).
5. Amendment filed 11-1-79 as an emergency; effective upon filing (Register 79, No. 44). A Certificate of Compliance must be filed within 120 days or emergency language will be repealed on 3-1-80.
6. Certificate of Compliance including amendment of subsection (c) filed 2-15-80 (Register 80, No. 7).
7. Amendment filed 12-1-80 as an emergency; designated effective 1-1-81 (Register 80, No. 49).
8. Order of Repeal of 12-1-80 order filed 12-5-80 by OAL pursuant to Government Code section 11349.6 (Register 80, No. 49).
9. Amendment filed 9-24-81; effective thirtieth day thereafter (Register 81, No. 39).
10. Amendment of subsection (e)(2) and (e)(3) filed 5-4-83; designated effective 6-1-83 pursuant to Government Code section 11346.2(d) (Register 83, No. 19).
11. Amendment filed 10-24-88; operative 11-23-88 (Register 88, No. 45).
12. Amendment filed 5-5-95; operative 6-5-95 (Register 95, No. 18).
13. Amendment of subsection (c)(3) filed 11-3-97 as an operational emergency pursuant to Penal Code section 5058(e); operative 11-3-97 (Register 97, No. 45). A Certificate of Compliance must be transmitted to OAL by 4-13-98 or emergency language will be repealed by operation of law on the following day.

14. Certificate of Compliance as to 11-3-97 order transmitted to OAL 2-3-98 and filed 3-12-98 (Register 98, No. 11).

**3317.   Mental Health Evaluations for Disciplinary Hearings.**

Inmates in the Mental Health program or any inmate showing signs of possible mental illness may require a CDC 115 MH (Rev. 06/06), Rules Violation Report: Mental Health Assessment. All inmates at the EOP, MHCB, and DMH level of care, who receive a CDC 115, Rules Violation Report shall be referred for a Mental Health Assessment. All inmates in CCCMS or non-MHSDS inmates who receive a CDC 115 Rules Violation Report, and who exhibit bizarre, unusual or uncharacteristic behavior at the time of the rules violation shall be referred for a Mental Health Assessment. An inmate shall be referred for a mental health evaluation prior to documenting misbehavior on a CDC Form 115, Rules Violation Report, in any case where the inmate is suspected of self mutilation or attempted suicide. If the mental health evaluation determines that it was an actual suicide attempt, a CDC Form 115 shall not be written and the behavior shall be documented on a CDC Form 128B (Rev. 4/74), General Chrono, for inclusion in the inmate's central file.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code.

HISTORY:

1. Amendment filed 2-24-77; effective thirtieth day thereafter (Register 77, No. 9).
2. Repealer and new section filed 3-24-78 as an emergency; effective upon filing (Register 78, No. 12).
3. Certificate of Compliance filed 6-15-78 (Register 78, No. 24).
4. Repealer and new section filed 9-24-81; effective thirtieth day thereafter (Register 81, No. 39).
5. Relocation and amendment of former subsections 3317(a)–(b)(2) to subsections 3312(a)(3)(A)–(B) and new section filed 5-5-95; operative 6-5-95 (Register 95, No. 18).
6. Editorial correction deleting formerly relocated text (Register 95, No. 34).
7. Amendment of section heading and subsection (a), and repealer of subsections (b)–(b)(2) filed 8-23-95 as an emergency; operative 8-23-95 (Register 95, No. 34). A Certificate of Compliance must be transmitted to OAL by 1-30-96 or emergency language will be repealed by operation of law on the following day.
8. Certificate of Compliance as to 8-23-95 order transmitted to OAL 1-8-96 and filed 2-16-96 (Register 96, No. 7).
9. Amendment filed 8-4-2008; operative 8-4-2008 pursuant to Government Code section 11343.4 (Register 2008, No. 32).

**3318.   Assistance to Inmates for Serious Rule Violations.**

(a) Investigative employee. The investigative employee is designated to gather information for the senior hearing officer or disciplinary hearing committee as described in section 3315(d)(1)(A).

(1) The investigative employee shall:

(A) Interview the charged inmate.

(B) Gather information.

(C) Question all staff and inmates who may have relevant information.

(D) Screen prospective witnesses.

(E) Submit a written report to the senior hearing officer or disciplinary committee chairperson to include witness statements and a summary of the information collected specific to the violation charged.

(2) A copy of the investigative employee's report shall be provided to the inmate no less than 24 hours before a disciplinary hearing is held.

(3) When an investigative employee provides assistance to an inmate, in lieu of or in addition to that provided by a staff assistant, the investigative employee shall do so as a representative of the

**3290. Methods for Testing of Controlled Substances or for Use of Alcohol.**

(a) The department shall prescribe the products, equipment, and methods for testing suspected controlled substances or for the use of alcohol. "Field" or on-site testing shall be conducted only by trained personnel.

(b) Field tests may be performed on any suspected substance found on institution property or in the possession or under the control of any inmate, or in the possession or under the control of persons other than inmates who come on institution property. Field tests of urine samples may be performed as a screening process prior to laboratory testing.

(c) The securing of a urine sample from an inmate, for the purpose of testing for the presence of controlled substances or for use of alcohol may be done for the following reasons:

(1) When there is reasonable suspicion to believe the inmate has possessed, distributed, used, or is under the influence of a controlled substance or alcohol.

(2) When mandatory random testing is known to the inmate to be a condition for the inmate's participation in a specific program, assignment, or activity.

(3) As part of an authorized disposition of a disciplinary hearing.

(4) The inmate is selected by the department's mandatory standardized random drug testing selection process.

(A) A small percentage of inmates will be randomly selected at predetermined regular intervals (e.g. weekly) from a data file produced from the department's Strategic Offender Management System.

(B) Inmates shall be tested each time they are selected; however, shall not be subject to additional disciplinary action for a positive test if that positive test is cumulative evidence of a previously charged disciplinary action.

(d) Inmates must provide a urine sample when ordered to do so pursuant to these regulations, for the purpose of testing for the presence of controlled substances or the use of alcohol.

(e) On-site testing of urine samples are presumptive in nature; however, the results may be used to charge an inmate with a serious rules violation. Disciplinary action for possession of a controlled substance or use of a controlled substance based solely on the field test shall not include the loss of work/behavior credits or pay, or loss of a paid work assignment unless a laboratory has confirmed the results of a positive field test or the inmate has admitted to possessing the controlled substance, accepts the results of a positive field test, waives the requirement of testing by a laboratory, and has signed a CDCR 128-B, General Chrono to that effect.

(f) Field testing of seized substances that are suspected of being a controlled substance are presumptive, however the results may be used to charge an inmate with a serious rules violation. Disciplinary action for possession of a controlled substance based solely on a field or on-site test shall not include the loss of work/behavior credits, or pay, or loss of paid work assignment unless a laboratory has confirmed that the suspected substance is in fact a controlled substance, or the inmate has admitted to possessing the controlled substance, accepts the results of a field test, and waives the requirement of testing by a laboratory, and has signed a document to that effect.

(g) The positive test results from a urine sample submitted for testing for the presence of an unauthorized controlled substance or alcohol that has been confirmed as positive by a departmentally approved testing method may be considered as sufficient evidence

**TITLE 15** Aꞌ  DEPARTMENT OF CORRECTIONS AND REHABILITATION  §3291

to support a guilty finding for use of the controlled substance or alcohol.

(h) When evidence remaining after a field test or resulting from a field test is not suitable or sufficient for submission to a laboratory for confirmation of the field test, the field test results may be considered in a disciplinary hearing for possession of a controlled substance. Under such circumstances, a finding of guilty shall be based upon the preponderance of all evidence presented at the disciplinary hearing. Although no credit loss action may be taken when the only evidence being considered by the hearing official is the result from a field test, other authorized disciplinary actions may be taken pursuant to section 3315 for violations of 3016(a).

(i) The identification of unauthorized medication, to include any medication considered to be a controlled substance as described in section 3000, must be confirmed by a licensed pharmacist and that confirmation may be used as evidence in a disciplinary hearing. There shall be no requirement for laboratory testing of intact medications when identification of the controlled medication has been confirmed by a pharmacist. The pharmacist will indicate whether the medication contains any of the substances listed in Health and Safety Code (H&SC) section 11007 to enable the determination of the appropriate classification level pursuant to section 3323 relative to a disciplinary violation for unauthorized possession or distribution of the medication.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 2932, 4573.6 and 5054, Penal Code.

HISTORY:

1. Renumbering of former Section 3290 to Section 3295 and new Section 3290 filed 8-18-78; effective thirtieth day thereafter (Register 78, No. 33).

2. Amendment of subsections (a) and (e) and new subsection (h) filed 8-7-87 as an emergency; operative 8-7-87 (Register 87, No. 34). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 12-7-87.

3. Certificate of Compliance as to 8-7-87 order transmitted to OAL 12-4-87; disapproved by OAL (Register 88, No. 16).

4. Amendment of subsections (a) and (e) and new subsection (h) filed 1-4-88 as an emergency; operative 1-4-88 (Register 88, No. 16). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 5-3-88.

5. Certificate of Compliance as to 1-4-88 order transmitted to OAL 5-3-88; disapproved by OAL (Register 88, No. 24).

6. Amendment of subsections (a) and (e) and new subsection (h) filed 6-2-88 as an emergency; operative 6-2-88 (Register 88, No. 24). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-30-88.

7. Certificate of Compliance transmitted to OAL 9-26-88 and filed 10-26-88 (Register 88, No. 50).

8. Amendment of subsections (c), (g), and (h) filed 6-2-95 as an emergency; operative 6-5-95 (Register 95, No. 22). A Certificate of Compliance must be transmitted to OAL by 11-12-95 pursuant to Penal Code section 5058(e)(1) or emergency language will be repealed by operation of law on the following day.

9. Certificate of Compliance as to 6-2-95 order transmitted to OAL 10-2-95 and filed 10-17-95 (Register 95, No. 42).

10. Amendment filed 8-27-98 as an emergency; operative 8-27-98 (Register 98, No. 35). A Certificate of Compliance must be transmitted to OAL by 2-3-99 or emergency language will be repealed by operation of law on the following day.

11. Amendment refiled 2-3-99 as an emergency, including further amendment of subsection (g); operative 2-3-99 (Register 99, No. 6). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 7-13-99 or emergency language will be repealed by operation of law on the following day.

12. Certificate of Compliance as to 2-3-99 order transmitted to OAL 5-12-99 and filed 6-24-99 (Register 99, No. 26).

13. Amendment of section heading and section filed 8-4-2008; operative 8-4-2008 pursuant to Government Code section 11343.4 (Register 2008, No. 32).

14. Amendment of subsection (c)(1) filed 12-21-2009; operative 1-20-2010 (Register 2009, No. 52).

15. Amendment of subsections (b) and (c)(4), new subsections (c)(4)(A)–(B) and (e), subsection relettering and amendment of newly designated subsection (f) filed 3-18-2014 as an emergency; operative 3-18-2014 (Register 2014, No. 12). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 8-25-2014 or emergency language will be repealed by operation of law on the following day.

16. Certificate of Compliance as to 3-18-2014 order transmitted to OAL 8-21-2014 and filed 9-18-2014 (Register 2014, No. 38).

# EXHIBIT
# COVER PAGE

$$\boxed{D}$$

Exhibit

Description of exhibit THE 115 FROM R.J.D. ON U.A. TEST. DISMISSED BECAUSE OF MEDICAL PROBLEMS. THIS IS WHEN I WAS INFORM THAT THE U.A. TEST HAD TO BE DONE BY MEDICAL

Number of pages to this exhibit    5

- 1 -

CDC 114-D SENT TO RECORDS BY ___ TRANSMITTAL __ DATE: ___

L. Nobles
EBC Greenly

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| V-38005 | GRIMES | | 11-23-16 | RJDCF | D16-104L | FD-14-052R |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR §3290(d) | REFUSING TO PROVIDE URINALYSIS (U/A) | | Facility "D" | 05/19/14 | 1215 hours |

CIRCUMSTANCES   On Monday, May 19, 2014, the Chief Disciplinary Officer (CDO) J. Juarez, ordered the Rules Violation Report (RVR) dated 03/03/14 (Log#:FD-14-052), for the specific act of "REFUSING TO PROVIDE URINALYSIS (U/A)" to be Reissue/Rehear citing the following due process violation(s): The inmate did not receive notice of the charges and evidence more than 24 hours prior to beginning the hearing.

On Monday, March 03, 2014, at approximately 1215 hours, while performing my duties as Facility "D" Yard Officer #3; I was issued the duty to retrieve Urinalysis (U/A) samples from inmates listed on the RJDCF's Mandatory Random Drug Testing (MRDT) schedule dated 03/03/14. Inmate GRIMES, V-38005 (D16-104L) was an inmate who was randomly selected to provide a urine sample. At approximately 1220 hours, I informed GRIMES that he was to submit to a urine sample and was afforded three (3) hours to provide the sample. Inmate GRIMES stated, "I'm not submitting drug testing." I informed GRIMES that a refusal would result in the issuance of a CDCR 115 to which GRIMES responded by stating that he understood. I then informed GRIMES that he would be receiving a CDCR 115 for this rules violation. It should be noted that a Memorandum dated 12/17/13 has been signed by the Director (Division of Adult Institutions), wherein directives were clearly detailed; furthermore, the disciplinary measures that would commence for those inmates electing to violate these directives. This concludes my report. Inmate GRIMES is aware of this report.

MHSDS: CCCMS      TABE: 9.4

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| C. Marinas, Correctional Officer | 5/21/14 | FD Yard #3 | F/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| B. Kirby Jr., Correctional Sergeant | 5/21/14 | N/A | LOC. N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | F | 5-21-14 | E. Benyard, Facility "D" Captain | ☐ HO ☒ SHO ☐ SC ☐ FC |

## COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE 5/21/14 | TIME 1330 | TITLE OF SUPPLEMENT RE-ISSUE/REHEAR MEMORANDUM dtd 5-19-14 | | |
|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE 5/21/14 | TIME 1330 |

HEARING                           PLEA: Not Guilty   DISPOSITION: Not Guilty

Inmate GRIMES, CDCR# V-38005, appeared before Senior Hearing Officer (SHO) E. Garcia, Correctional Lieutenant, on 06/01/14, at approximately 1600 hours, for adjudication of the specific charge of REFUSING TO PROVIDE URINALYSIS (U/A).

EFFECTIVE COMMUNICATION: Effective communication was established by speaking slowly, using simple English. These reports as well as the disciplinary charge of REFUSING TO PROVIDE URINALYSIS (U/A) were reviewed with Subject during the hearing. Subject is able to understand and effectively articulates both the nature of the charge and the disciplinary process. This was determined by allowing Subject to read the RVR, and then, verbally articulate the charge. Subject stated he understood and was prepared to begin. Subject has a TABE score of 9.4 on file.

Subject states he is in good health and ready to proceed with the hearing.

DUE PROCESS: Subject acknowledges he received a copy of the CDC 115/115-A on 05/21/14, Re-Issue/Re-Hear Memorandum dated 05/19/14 on 05/21/14, all more than Twenty-Four (24) hours prior to the hearing. Subject stated he had adequate time to prepare for the hearing and was ready to proceed.

(CONTINUATION OF HEARING ON CDC 115-C)

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| E. Garcia, Correctional Lieutenant (SHO) | | 6/1/14 | 2005 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| E. Benyard, Facility "D" Captain | 6-2-14 | J. Juarez, Associate Warden (A) | 6/4/14 |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME 1120 |
|---|---|---|---|

CDC 115 (7/88)

— 2 —

6-13-14
405

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE _2_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V-38005 | GRIMES | FD-14-052R | R.J.D.C.F. | 06/01/14 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER _____

**MENTAL HEALTH:** Subject is a participant in the Mental Health Delivery System at the CCCMS level of care. A CDCR 115-MH was not conducted prepared because the Subject did not exhibit bizarre, unusual or uncharacteristic.

**INVESTIGATIVE EMPLOYEE (IE):** Investigative Employee was not assigned in accordance with the CCR Title 15, §3315.(d)(1)(A).

**STAFF ASSISTANT (SA):** A Staff Assistant was not assigned in accordance with the CCR Title 15, §3315.(d)(2)(A).

**DISTRICT ATTORNEY REFERRAL:** This incident was not referred to the San Diego County District Attorney's Office for possible felony prosecution.

**PLEA STATEMENT:** "Not Guilty"

**SUBJECT'S STATEMENT:** "I did not provided a urine sample because my medical condition. I require to use catheters and I ask for them to provide one. The amount that I am assigned per month is not even enough for me. I did not refused."

**WITNESS(ES):** Subject requested no witnesses, as indicated by signature on CDC 115-A.

**CONFIDENTIAL INFORMATION:** Confidential information was not utilized regarding this RVR.

**FINDINGS:** The evidence submitted at the hearing **does not** substantiates the specific charge of REFUSING TO PROVIDE URINALYSIS (U/A).

1). The circumstances section of the RVR, authored by C. Marinas, C/O, which states in part, "...On Monday, March 3, 2014, at approximately 1215 hours... Inmate GRIMES, V-38005, (D16-104L) was an inmate who was randomly selected to provide a urine sample... Inmate GRIMES stated, 'I'm not submitting drug testing.'..."

2). Review of Physician's Order and Medication form indicates that Inmate GRIMES receives a limited amount of catheters per week. This is consistent with Subject's statement.

**DISPOSITION:** Subject is found Not Guilty. The charges are dismissed due to extenuating circumstances based on the Subject's medical issues and the limited amount of equipment (catheters) provided for the Subject per week.

**NOTICE OF RIGHT TO APPEAL AND CREDIT RESTORATION:** Procedural requirements/Due Process were/was complied with, the inmate was advised of these findings.

**ATTENTION RECORDS:** INMATE FOUND NOT GUILTY OF THE ACT CHARGED OR CHARGE DISMISSED FOR ANY REASON, THE DOCUMENTS PREPARED FOR AND USED IN THE DISCIPLINARY PROCESS SHALL NOT BE PLACED IN ANY FILE PERTAINING TO THIS INMATE. HOWEVER, TWO (2) COPIES OF AND CDC 115 USED IN THE DISCIPLINARY PROCESS SHALL BE COMPLETED AS THE FINDING AND DISPOSITION. ONE (1) COPY OF THE COMPLETED REPORT SHALL BE FILED IN THE REGISTER OF INSTITUTION VIOLATIONS. THE OTHER COMPLETED COPY SHALL BE PROVIDED TO THE INMATE. ALL OTHER COPIES OF THE CDC 115 AND ALL SUPPLEMENTAL REPORTS SHALL BE DESTROYED.

| SIGNATURE OF WRITER<br>E. Garcia, Correctional Lieutenant | | DATE SIGNED<br>6/1/14 |
|---|---|---|
| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED<br>6/6/14 | TIME SIGNED<br>1100 |

CDC 115-C (5/95)

OSP 11 123876

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| V-38005 | GRIMES | CCR §3290(d) | 05/19/14 | RJDCF | FD-14-052R |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | |

DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION N/A

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED  ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|

☐ NOT ASSIGNED  REASON  DOES / DOES NOT MEET THE CRITERIA PER CCR §3315 (d)(2)(A) 1,2,3.

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED  ☐ WAIVED BY INMATE | ▶ | |

| ☐ ASSIGNED | DATE | NAME OF STAFF |
|---|---|---|

☐ NOT ASSIGNED  REASON  DOES / DOES NOT MEET THE CRITERIA PER CCR §3315 (d)(1)(A) 1,2,3.

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER *M. Grimes*  ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ *J. C* | TIME 1330 | DATE 5-21-14 |
|---|---|---|---|

CDC 115-A (7/88)       — *If additional space is required use supplemental pages* —

STATE OF CALIFORNIA

## RULES VIOLATION REPORT – PART C

| CDC NUMBER | INMATE NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| V-38005 | GRIMES | FD-14-052R | RJDCF | 05/19/14 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☒ OTHER – CDCR 115C EFF. COM.

☒ I ENSURED THE DISABILITY EFFECTIVE COMMUNICATION (DEC) SYSTEM AND/OR CENTRAL FILE WAS REVIEWED AND THE INMATE WAS QUERIED FOR EFFECTIVE COMMUNICATION.

'S' was identified with:
☒ No disabilities or issues requiring effective communication   ☒ TABE 4.0 or lower, 'S' TABE is 9.4
☐ Hearing (DPH, DNH)   ☐ Vision (DPV)
☐ Learning Disability (LD)   ☐ Foreign Language Speaking
☐ Developmental Disability (ensure confidentiality)(DD1, DD2, DD3)   ☐ Speech (DPS, DNS)
☐ EOP / MHCB

Primary method of communication: (Refer to DEC/Central File and query inmate)___ENGLISH_____

Print Name __J. CLUCK__   Signature __J. C.__   Date __5-21-14__
(Person completing the top portion of this form)

Assigned Staff Assistant___N/A___   Signature_____ Date_____
Assigned Investigative Employee_____N/A_____   Signature_____

☐ **Staff Assistant was assigned.** (Note: *If assigned, S.A. must be present and provide assistance during the I.E interview, and the hearing.*)

ALL APPLICABLE BOXES SHALL BE INITIALED

| Assistance Provided to Ensure Effective Communication | 1st Copy/SA | IE | 115 Hearing | Final Copy |
|---|---|---|---|---|
| Use of Text Magnifier | | | | |
| Read Documents to 'S' | J.C. | | | |
| Lip Reading | | | | |
| Foreign Language Interpreter | | | | |
| Sign Language Interpreter | | | | |
| Written Notes (see attached notes) | | | | |
| Simple English Spoken Slowly & Clearly | J.C. | | | ln |
| 'S' was wearing his hearing aids | | | | |
| Other | | | | |
| Comments: | | | | |

| Method Used to Determine Communication was Effective | | | | |
|---|---|---|---|---|
| 'S' reiterated in his own words, what was explained. | J.C. | | | ln |
| 'S' provided appropriate, substantive responses to questions asked. | J.C. | | | |
| 'S' asked appropriate questions regarding the information provided. | J.C. | | | ln |
| 'S' did not appear to understand the communication, even though the primary method of communication was used. | | | | |
| Other | | | | |
| Date: | 5-21-14 | | | 6-6-14 |
| Comments: | | | | |

☒ COPY OF CDC 115C GIVEN TO INMATE WITH FINAL ____ COPIES   GIVEN BY: (STAFF SIGNATURE)   DATE SIGNED 6-6-14   TIME SIGNED 1100

Revised 2/15/2012 (ATTACHMENT E)

— 5 —

# CALIFORNIA INSTITUTION FOR MEN
## PROOF OF SERVICE BY MAIL
### (C.C.P. §1013a; §2015.5; Fed.R.Civ.P. 5; 28 U.S.C. 1746)

I am over the age of eighteen years, a citizen of the United States, a resident of the State of California, **(A)** and **I** and **not** a party to the within action. My mailing address is: P.O. BOX 500, CHINO, CA 91708.

On the following date: **(B)** _10-27-2015_, I served the following document(s): **(C)**

_LAWSUIT Claims Forms, MOTION_

On the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, addressed as follows to the following parties: **(D)**

_UNITED STATES DISTRICT COURT of California_
_CENTRAL DISTRICT OF CALIFORNIA_
_312 N. SPRING ST, #G-8_
_LOS ANGELES, CA, 90012-4793_

I am readily familiar with the normal business practices for collection and processing of correspondence and other materials for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, in a sealed envelope with postage fully prepaid, it is deposited in a box so provided at the correctional institution in which I am presently confined.

I certify (or declare) under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**(E)** Name: _Michael Grimes_      CDCR#: _V-38005_

Signed: _Michael Grimes_      Dated: _10-28-2015_

---
### CIM MAILROOM ACKNOWLEDGEMENT OF MAILING

DATED: _____ STAFF: _____

SIGNED: _____

Case 5:15-cv-02267-ODW-AGR Document 1 Filed 11/03/15 Page 38 of 39 Page ID #:219

Michael GRIMES
CDCR # V-38005
C.I.M. - C yard - Alpine 138L
P.O. Box 500
Chino, California 91708

$ 02.74⁰
0004283883
OCT 29 2015
MAILED FROM ZIPCODE 91710

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
312 N. SPRING ST., # G-8
LOS ANGELES, CALIFORNIA
                90012-4793



RECEIVED
CLERK U.S. DISTRICT COURT

NOV -2 2015

CENTRAL DISTRICT OF CALIFORNIA

CONFIDENTIAL

Case 5:15-cv-02267-ODW-AGR Document 1 Filed 11/03/15 Page 39 of 39 Page ID #:39

[1] CONFIDENTIAL