UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRIMES,<br><br>            Plaintiff,<br><br>    v.<br><br>J. BEARD, et al.<br><br>            Defendants. | NO. EDCV 15-2267-ODW (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, records on file, the Report and Recommendation of the United States Magistrate Judge ("Report") and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

Plaintiff argues that he should not have been disciplined for failing to provide a urine sample through self catheterization for purposes of drug testing even though he otherwise "does catheterize himself 5 times a day." (Obj. at 4.) Instead, Plaintiff argues, California prison regulations purportedly require that prison medical staff perform catheterization on the inmate when the purpose is drug testing and defendants should not be entitled to qualified immunity.[1] However, "state

---

[1] The California Department of Corrections and Rehabilitation ("CDCR") Operations Manual ("DOM") is available on the CDCR website, www.cdcr.ca.gov. None of the sections cited by Plaintiff establish that medical staff is required to perform catheterization on an inmate for purposes of drug testing. See DOM § 52010.18

departmental regulations do not establish a federal *constitutional* violation" for purposes of qualified immunity. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (emphasis in original; collecting cases); *see also King v. Los Angeles Cnty. Sheriff's Dep't*, 672 Fed. Appx. 701, 702-03 (9th Cir. 2016) (noting Title 15 of California Code of Regulations does not create private right of action under California law). Plaintiff's objections are without merit.

IT IS ORDERED that (1) Defendants' motion to dismiss the First Amended Complaint is granted without leave to amend; (2) any pending motions are denied as moot; and (3) judgment be entered dismissing this action with prejudice.

DATED: December 13, 2018

OTIS D. WRIGHT, II
United States District Judge

---

(requiring only "reasonable accommodation" to inmates with disabilities "to facilitate their full participation in drug and/or alcohol testing"). Plaintiff cites regulations that are inapplicable to drug testing. Each prison is required to provide clinical laboratory testing for the examination, care and treatment of inmates. DOM § 91050.1. In a prison's Clinical Laboratory Service, inmates are not permitted to perform tasks such as "[o]btaining blood samples," "[a]dministering blood," "[i]ntroducing or discontinuing intravenous infusions" and "[a]ny other task identified as medical or nursing functions." DOM § 91050.7.3. Plaintiff does not allege that he was working in the prison's clinical laboratory service or was required to perform catheterization on any inmate in a clinical laboratory service. Plaintiff cites a mentally competent inmate's right to refuse "[h]ealth care treatments, including medications and tests" "except when permitted by law to prevent infectious diseases or unless the procedures set forth in DOM 91090 (Involuntary Psychotropic Medications) are followed." DOM § 51080.3. Plaintiff's complaint, however, does not allege he refused any health care treatments.

2